UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| KEVIN M. HILL, ) | Case No. 6:06-bk-00518-KSJ |
| BONNIE A. HILL, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION GRANTING DAIMLER CHRYSLER'S
MOTION TO SET ASIDE ORDER DENYING MOTION TO CONFIRM
TERMINATION OF THE AUTOMATIC STAY

The issue raised is whether the recent changes to the Bankruptcy Code mandate the entry of comfort orders[1] in circumstances where the debtor has either ineffectively or untimely taken action to redeem, reaffirm, or surrender secured collateral to a secured creditor. The Court denied Daimler Chrysler Financial Services' ("Daimler Chrysler") earlier request to enter such a comfort order. Now, in its Motion to Set Aside Order Denying Motion to Confirm Termination of the Automatic Stay, Daimler Chrysler asks the Court to reconsider its prior ruling. For the reasons explained below, the Court grants the creditor's request and will enter the requested comfort order.

Daimler Chrysler was assigned a retail installment contract pursuant to the debtors' purchase of a 2004 Dodge Ram 1500 truck and holds a security interest in the vehicle. On March 20, 2006, the debtors filed a petition initiating this Chapter 7 bankruptcy case and also filed a Statement of Intention indicating they would retain the truck and continue making regular payments. On April 4, 2006, Daimler Chrysler forwarded a proposed reaffirmation agreement to debtors' counsel. No evidence was presented whether the debtors ever received the proposed

---

[1] A "comfort order" is a bankruptcy term of art for an order confirming an undisputed legal result, and often is entered to confirm that the automatic stay has terminated.

reaffirmation agreement, but no signed agreement was ever filed. The debtors' initial Meeting of Creditors was held on May 10, 2006. The Chapter 7 trustee claims no interest in the truck.

Daimler Chrysler filed a Motion to Confirm Termination of Automatic Stay Pursuant to Bankruptcy Code Section 362(j) (Doc. No. 24), contending that the debtors had failed to timely take any action to reaffirm, redeem, or surrender the truck as required by Sections 521(a)(2) and (6) of the Bankruptcy Code.[2] At a hearing conducted on July 12, 2006, the Court, in denying the motion, held that the provisions of Section 362(j) did not mandate the entry of comfort orders and, based upon unresolved factual issues, the entry of a discretionary comfort order was not appropriate. A written Order Denying Motion to Confirm Termination of the Automatic Stay was entered on July 19, 2006 (Doc. No. 30). Between the time of the hearing and the entry of the order, the debtors received a discharge of their debts on July 14, 2006 (Doc. No. 28). Daimler Chrysler now requests the Court to reconsider its denial of their request for a comfort order confirming that the automatic stay had terminated under Section 362(j) of the Bankruptcy Code (Doc. No. 33). Other than entry of the discharge, the facts of the case remain unchanged since the hearing on July 12, 2006.

The recently enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") imposes many new duties on debtors. Previously, Section 521(a)(2)(A) of the Bankruptcy Code merely required a debtor to file a Statement of Intention indicating whether the debtor intended to redeem, reaffirm, or surrender collateral securing a debt to a creditor, such as Daimler Chrysler. BAPCPA added the new Section 521(a)(6), which now requires a debtor to actually perform the stated intention within 45 days of the initial meeting of creditors. If a debtor fails to take such timely action, i.e., fails to timely redeem, reaffirm, or surrender the property, the automatic stay "is terminated with respect to the personal property of the estate or of the debtor, such property shall no longer be property of the estate, and the creditor may take whatever action as

to such property as is permitted by applicable nonbankruptcy law." 11 U.S.C. § 521(a)(6). Bankruptcy Code Section 362(h) provides a similar rule—the automatic stay ends if a debtor does not take timely action to redeem or to reaffirm the debt related to property the debtor wants to retain.

Here, Daimler Chrysler contends that, pursuant to Section 362(j) of the Bankruptcy Code, the Court is required to enter a comfort order in every instance where the debtor does not timely redeem or reaffirm a debt. The Court does not believe that Section 362(j) mandates this conclusion; however, in making this ruling, the Court is not finding that a bankruptcy court could not, in its discretion, enter such comfort orders when appropriate.

Comfort orders serve a valuable purpose. The orders are entered primarily for a third party's benefit, often to help a sister state court attempting to determine whether it can proceed with a pending action, such as a foreclosure. The orders merely identify and reiterate what has already occurred by operation of law. Comfort orders also protect creditors "from potential ramifications of acting in violation of the automatic stay by obtaining a cloak of cover from the court." In re Ermi, No. 06-60167, 2006 WL 2457144, at *2 (Bankr. N.D. Ohio Aug. 3, 2006).

Courts traditionally have exercised broad discretion in determining whether to enter comfort orders. The power to issue comfort orders is encompassed within Section 105 of the Bankruptcy Code, which supplies bankruptcy courts with the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a); Marrama v. Citizens Bank of Massachusetts, 127 S.Ct. 1105 (2007) (recognizing broad authority granted to bankruptcy judges to take necessary or appropriate action). Although some

---

[2] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

bankruptcy courts are reluctant to issue comfort orders in certain situations,[3] other courts, such as this one, routinely enter comfort orders.

The real issue is, therefore, not whether a court has the discretion to enter a comfort order, but whether Section 362(j) now mandates the entry of comfort orders when a debtor fails to timely redeem or reaffirm a debt.  Section 362(j) provides:

> On request of a party in interest, the court shall issue an order *under subsection (c)* confirming that the automatic stay has been terminated.

11 U.S.C. § 362(j) (*emphasis added*).  Therefore, by its own terms, Section 362(j) mandates the entry of comfort orders *only* if the request arises under Section 362(c) of the Bankruptcy Code.

Section 362(c), in turn, lists a series of events that cause the automatic stay to terminate.  For example, the stay terminates when a case is closed or dismissed or, in a Chapter 7 case filed by an individual, when a discharge is granted.  However, Section 362(c) does not include the failure of a debtor to timely perform his stated intention to redeem or to reaffirm a debt.

Rather, Section 362(c) expressly excludes its own subsection, Section 362(h), from the listed events resulting in the termination of the automatic stay.  Subsection (c) begins, "[e]xcept as provided in subsections (d), (e), (f), and **(h)**. . ." (*emphasis added*).  This language cannot be ignored.  The court must give effect to every clause and word of a statute.  In re Dienberg, 348 B.R. 482, 484-485 (Bankr. N.D. Ind. 2006) (citing U.S. Dept. of Treasury v. Fabe, 508 U.S. 491, 504 (1993) (other internal citations omitted); In re Jass, 340 B.R. 411, 415 (Bankr.D.Utah 2006) ("the Court must give meaning and import to every word in a statute") (citing Negonsott v. Samuels, 507 U.S. 99, 106, (1993)).

---

[3] For example, in In re Bearden, 204 B.R. 73 (Bankr.N.D.Fla.1996), the court denied a motion to reopen a bankruptcy case to avoid a judgment lien because Florida law prevented judgment liens from attaching to debtors' homestead, the avoidance order would have been strictly in the nature of a comfort order, and relief was equally available under state law.

Therefore, Section 362(c) lists numerous reasons why the stay terminates; Section 362(h) provides yet another basis—the debtor failing to perform his or her stated intention to reaffirm or to redeem a debt.  However, Section 362(j), which imposes a mandatory obligation on bankruptcy courts to enter comfort orders, only applies to those grounds to terminate the stay listed in Section 362(c), *not* the additional ground listed in 362(h).  E.g., In re Ermi, No. 06-60167, 2006 WL 2457144, at *2 (Bankr. N.D. Ohio Aug. 3, 2006).   Therefore, in a case in which a party has failed to timely file a statement of intention stating the collateral would be retained, redeemed or surrendered, or to perform the required action, the issuance of a comfort order is not mandatory, but within a court's discretion pursuant to Bankruptcy Code Section 105(a).

Courts issuing comfort orders under Section 362(h) have cautiously balanced the interests of both parties.  For example, in the decision of In re Record, 347 B.R. 450 (Bankr.M.D.Fla. 2006), Judge Funk held that in order to obtain a comfort order where a debtor has failed to timely perform his obligations to reaffirm, redeem or surrender pursuant to Bankruptcy Code Section 362(h), the party seeking the comfort order must state that all conditions have been satisfied under subsection (h):

> To wit, the party will have to prove:  1) the specific date when time ran on the debtor's statement of intention, so that he could not have amended the ambiguity; 2) that the debtor did not, in fact, amend his statement of intention to more accurately reflect what he intended to do with the secured property; and 3) that the trustee did not, in fact, file a motion to determine that the property is of consequential value or benefit to the estate.  The aforementioned information need not be certified.

Record, 347 B.R. at 452; In re Espey, 347 B.R. 785, 788 (Bankr. M.D. Fla 2006).

Determining whether to enter a comfort order when a debtor has failed to timely perform his stated intentions necessarily raises factual issues that are not readily answered by a simple review of the court docket. Here, the debtors wanted to keep their truck and make regular payments.  Pursuant to Section 521(a)(2), the debtors are required to sign a reaffirmation agreement to retain the vehicle.

Taylor v. Age Federal Credit Union (In re Taylor), 3 F.3d 1512 (11th Cir. 1993). Daimler Chrysler apparently sent a proposed reaffirmation agreement to debtors' counsel for them to sign. However, no reaffirmation agreement was ever filed.

Because this correspondence occurred through the mail and in a non-public manner, the Court cannot conclude, without evidence of some type, what happened to the reaffirmation agreement. Some creditors forward reaffirmation agreements to debtors unsigned by the creditor representative to avoid alteration of the document. Debtors' counsel may or may not have received the reaffirmation agreement. The debtors may have signed the agreement and returned it to the creditor for the appropriate signature; however, the creditor may then have failed to file the document. A court merely taking judicial notice of the docket in such a case could not find the answer to these types of factual questions.

Moreover, the BAPCPA amendments acknowledge that creditors may try to get a better deal from a debtor by altering the original terms in a proposed reaffirmation agreement, and that a debtor may therefore refuse to sign the document and that, in such an instance, the stay does not terminate. Specifically, Bankruptcy Code Section 362(h)(1)(B) provides that the automatic stay is terminated with respect to personal property of the estate and is no longer property of the estate if the debtor fails "to take timely the action specified in such statement…*unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms*." In such an instance, a debtor's refusal to execute the reaffirmation would be entirely appropriate,[4] but would not be reflected in the court's docket.

Similar factual issues are not involved in the types of comfort orders entered under Section 362(c). A court easily can tell whether and when a case was closed or dismissed by reviewing the

---

[4] By way of example, in In re Dienberg, 348 B.R. 482 (Bankr. N.D. Ind. 2006), the bankruptcy court found that where the creditor had refused to reaffirm a debtor's obligation upon the original contract terms, Section 362(h) did not terminate the automatic stay; Section 362(j) comfort orders do not encompass stay terminations by operation of Section 362(h).

docket. The docket will reflect whether a discharge was entered, whether a prior case or cases were filed, and, if so, whether they were dismissed. A quick examination of the docket will reveal this type of information. Such is not the case in entering a comfort order under Section 362(h), as Section 362(h) can involve factual questions not readily ascertainable by a court from a review of the docket. Therefore, although a court has the discretion to enter comfort orders under Section 362(h), in many cases, factual issues will preclude routine entry of such comfort orders. Issuing automatic comfort orders in these situations would not be in the interest of justice.

Lastly, Daimler Chrysler argues that it would be easier and cheaper for creditors to obtain comfort orders rather than file motions for relief from the automatic stay. Of course, ex parte orders entered without hearings are always easier. No filing fee is required, and less attorney fees are incurred because no hearing is needed. By extension, proffered testimony is less expensive and faster than taking live witness testimony. Similarly, a bench trial is less cumbersome than a jury trial. However, expedience does not condone shortcuts or unfairness. Comfort orders are reserved for those circumstances where there are no genuine factual issues and when a court can readily confirm an event has occurred as a matter of law.

Comfort orders are not appropriate when a court must consider information outside of a case's docket or outside of the court's immediate purview. The very process by which reaffirmation agreements are made between debtors and creditors makes automatic issuance of comfort orders problematic. Moreover, Congress could have included the applicability of comfort orders pursuant to Section 362(j) to situations where the automatic stay has lifted pursuant to Section 362(h). They did not. Unless Congress amends the law, the roadmap Congress has provided for a reading of the statute remains. "It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think…is the preferred result." Fulbright v. United States Dep't of Educ. (In re Fulbright), 319 B.R. 650, 659 (Bankr.D.Mont. 2005) quoting

United States v. Granderson, 511 U.S. 39 (1994) (Kennedy, J. concurring). "The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning." Union Bank v. Wolas, 502 U.S. 151, 158 (1991).

However, Daimler Chrysler fails to make the one argument that does justify the reconsideration of this Court's earlier refusal to enter a comfort order. A motion for reconsideration is properly granted where there exists newly-discovered evidence or errors of law or fact. In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999); Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993) (motion for reconsideration should address only factual and legal matters that the Court may have overlooked). Specifically, after the initial hearing on Daimler Chrysler's original motion, and the date the written order was docketed, the debtors received a discharge.[5] The entry of the debtors' discharge is a fact that triggers an operation of law—the lifting of the automatic stay—and presents sufficient reason to grant Daimler's Chrysler's request that this Court reconsider its previous decision refusing to enter a comfort order.

Following the road map provided by Congress in Section 362(j), we are led to Section 362(c)(2)(C) which provides that the stay, "continues until. . . the time a discharge is granted or denied." The exceptions outlined in the introductory clause of Section 362(c), that is, subsections (d), (e), (f), and (h), do not except entry of discharge. Therefore, once the discharge was entered, a comfort order was required pursuant to Section 362(j). For this reason, the Court will grant the present motion (Doc. No. 33), vacate its prior order denying Daimler Chrysler's original motion

---

[5] The hearing was held on July 12, 2006. The discharge was entered July 14, 2006. The Order regarding the July 12 hearing denying the Motion to Confirm Termination or Absence of Stay was entered July 19, 2006.

(Doc. No. 30), and direct the creditor to submit an order granting the initial motion (Doc. No. 24).

A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 6th day of March, 2007.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtors: Kevin and Bonnie Hill, 2832 Paige Drive, Kissimmee, FL 34741

Debtors' Counsel: Al A. Cheneler, 2265 Lee Road, Suite 125, Winter Park, FL 32789

Trustee: Scott R. Fransen, P.O. Box 4965, Winter Park, FL 32793

U.S. Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

Creditor: Daimler Chrysler, c/o Brad W. Hissing, Esquire, P.O. Box 800, Tampa, FL 33601

Creditor's Counsel: Brad W. Hissing, Esquire, Larry M. Foyle, Esquire, P.O. Box 800, Tampa, FL 33601